### N. A. GALLAGHER V. PATRICK McHUGH ET AL.

### No. 49.

1. **When a Reversal Does Not Settle the Case.** — Suit by McHugh et al. for land. Petitioners claimed as collateral heirs of Limerick and wife, who were common source. Petition also set out an instrument executed by Limerick and wife to Bremond, under whom Gallagher held, alleging that the instrument was invalid, etc. Defendant filed general and special exceptions, alleging the validity of the conveyance to Bremond as apparent on its face. The defendant also pleaded not guilty. The demurrer and exceptions were sustained, and judgment final was rendered for the defendant, the plaintiffs having declined to amend. The plaintiffs appealed, and both appellants and appellee requested that the instrument be construed by the court. The Court of Civil Appeals reversed and remanded the case for the purpose of taking evidence to the intent of the makers (Limerick and wife) in executing the conveyance. On application for writ of error, *held*, that the judgment of the Court of Civil Appeals reversing the trial judgment for the reason given did not affect the merits of the case nor settle the matter in controversy.

2. **Settles the Case.** — By the words "settles the case" we understand to be meant, fixes the rights of the parties.

APPLICATION FOR WRIT OF ERROR to the Court of Civil Appeals, Third District, in appeal from Travis. Tried below before Hon. JAMES H. ROBERTSON.

The grounds of application are here given (after formal allegations):

"It is represented that the sole and only question before the court on appeal was the construction of said instrument, the appellants insisting that it created a trust in Bremond, which was by him executed, and that there was no disposition of the residue; and the trust lapsing, that the estate went to the heirs. The appellee insisting that the face of the instrument showed an intent to convey, and that the words thereof did convey the remainder of the property in full ownership; that the paper given to Bremond described such ownership, and that the legal effect of the instrument left an estate in fee in Bremond after the death of the survivor of the Limericks — husband and wife.

"Thus the construction of the instrument is a question of law, and the determination of the question, as insisted by both parties to the appeal, was necessary to a decision of the said cause in the said Court of Civil Appeals; and the question of its construction was the only question on the appeal, and was directly presented in assignment of error, propositions, and arguments by appellants, and by the brief of appellee, and in his motion and argument for rehearing. * * *

"The case set out in the transcript, in the assignments of error, and in the briefs presented the sole question as to the construction of the paper. There is nothing in the pleadings from which it can be presumed that any

circumstances of the execution of the paper could contribute to or enlighten the terms of the paper.''

Additional facts are in head notes and in the opinion of the court.

*Terrell & Walker*, for the application.

STAYTON, CHIEF JUSTICE.—Applicant seeks a writ of error from a judgment of a Court of Civil Appeals, reversing a judgment of the District Court, and remanding the cause for trial upon its merits.

The application shows that the rights of the parties depend on the true construction of an instrument in writing, and that this was so presented by the pleadings in the District Court that the question of construction could, in the opinion of the court, be passed upon on demurrer.

This was done, the District Court holding that the plaintiffs showed no right; and there being no offer on their part to amend, judgment was entered for the defendant, who now makes this application for writ of error.

The Court of Civil Appeals held, that the demurrer should not have been sustained, and that parol evidence was necessary to enable the court to construe the instrument.

Under this state of facts, it is as unnecessary as it would be improper for this court to express any opinion as to the correctness of this ruling; for it is evident that it can not necessarily have any effect on the ultimate disposition of the case.

There is no question involved in the case, nor party to it, which, under the law, would authorize this court to grant a writ of error on a judgment reversing and remanding a cause; nor is there any other ground on which the writ might be granted.

The statute provides, that this court may issue writs of error " when the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error.''

By the words " settles the case'' we understand to be meant, fixes the rights of the parties, and it is certainly true that the decision of the Court of Civil Appeals does not do this. It simply reverses the judgment and remands the cause to enable the parties to introduce any evidence they may be able to procure throwing light upon the transaction, such as may enable the court better to arrive at the intention of the parties than it was thought could be, from the instrument alone.

Such a decision settles no case, and settles no ultimate right; and having no power to grant the writ on the application, it will be dismissed.

*Application dismissed.*

Delivered April 6, 1893.